Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather
5445 E. Del Amo Blvd. Ste 207
Lakewood, CA 90712
(562) 866-8755 (562) 866-6875
tlwhiteleather@juno.com

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT


| | |
|---|---|
| J.L., a minor, by and ) <br> through his Guardian ) <br> Ad Litem, CHRISTINE ) <br> LITTLE, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> MORENO VALLEY UNIFIED ) <br> SCHOOL DISTRICT, A ) <br> Local Educational ) <br> gency; ) <br> ) <br>     Defendant. ) <br> _____) | Case No. ED CV 09-1978 <br> ODW (PJWx) <br> <br> OPPOSITION TO MOTION TO <br> DISMISS THE COMPLAINT <br> <br> DATE: 4-26-10 <br> TIME: 1:30 p.m. <br> CTRM: 11 |


    Plaintiff presents his Opposition to Motion to
Dismiss the Complaint as follows:

**INTRODUCTION**

    This matter involves a complaint for reversal of
an administrative due process hearing decision which
was issued through the California Office of Admini-
strative Hearings ("OAH") pursuant to the Individuals
with Disabilities Education Act or IDEA.

    On July 24, 2009, OAH issued its decision.
Plaintiff lodged his Complaint for Reversal of

Administrative Due Process Hearing Decision on October 22, 2009, within ninety (90) days of Plaintiff's receipt of the Decision.

**THE COMPLAINT WAS FILED ON OCTOBER 26, 2009.**

The complaint was not filed until October 26, 2009, after the Guardian Ad Litem petitioner was approved and the federal court appointed a Guardian Ad Litem for J.L.

Until the "filing" of the complaint, on the 26th of October, Plaintiff was unable to serve anything on Defendant, as the complaint had no case number and had yet to be assigned to any federal judge.  It was the federal court's filing of the complaint which triggered Plaintiff's duty to serve the complaint.

Plaintiff's counsel had requested that OAH provide copies of the due process administrative hearing record on July 17, 2009.  OAH provided Plaintiff with roughly half of the full administrative record, and Plaintiff asked that OAH provide the full fourteen days of hearing transcript.

OAH did not deliver the missing administrative records until mid-March, 2010.

In this matter, Plaintiff wanted to amend the complaint prior to service and prior to the filing of an answer by Defendant.  Because of the length and depth of the underlying matter, Plaintiff's counsel required a review of the transcripts prior to filing the complaint but, because of OAH's delay in providing

the administrative record, could not timely amend that
complaint.  The result was Plaintiff's delay - until
the last minute- to attempt to obtain the full due
process administrative record.

In looking to whether an attorney's inadvertence,
ignorance, mistake or excusable neglect may excuse a
party from a required act, the Supreme Court has
looked to 1) the danger of prejudice to the opposing
party, 2) the length of any delay and potential impact
on the proceedings, and the reason for delay -
including whether it was within the reasonable control
of the party and whether the party acted in good
faith.  *Pioneer Inv. Servs. v. Brunswick Assocs.* 507
U.S. 380, 392, 113 S.Ct.  1489, 123 L.Ed. 2d 74 (1993)

Plaintiff contends that the one-day delay that
resulted from counsel's miscalcuation of the 120 days
for service does not prejudice opposing party, that
the delay or impact of the proceedings is, at worst,
minimal, and that Plaintiff and his counsel did act
with good faith, while having control of the
situation, to serve Defendant with process.

**PLAINTIFF WAS REQUIRED TO SERVE THE
SUMMONS AND COMPLAINT WITHIN 120
DAYS FROM THE FILING OF THE COMPLAINT.**

F.R. Civ. P. Rule 4(m) requires that the service
of the complaint be effected within 120 days from the
date of filing of the complaint.

Plaintiff's counsel arranged to have the summons
and complaint served on Defendant within 120 days of

1   the filing.  Unfortunately, Plaintiff's counsel erred
2   in calculating the 120 days; service should have been
3   effected on February 23, 2010 but, instead, was
4   effected on February 24, 2010- one day late.

5       If a defendant is not served within 120 days
6       After the complaint is filed, the court- on
        Motion or on its own after notice to the
7       Plaintiff – must dismiss the action without
        Prejudice against that defendant or order
8       That service be made within a specified time.
        But if the plaintiff shows good cause for
9       the failure, the court must extend the time
        for service for an appropriate period.

10  FRCP 4(m)

11       Federal Rule 4(m) states that a district court
12  may grant an extension of time to serve a defendant
13  after the 120-day period has expired.  *Henderson v.*
14  *United States*, 517 U.S. 654, 661, 116 S.Ct. 1638, 134
15  L.Ed. 2d. 880 (1996)  The Ninth Circuit has found that
16  an extension of time may be justified if the dismissal
17  of the action would result in a time-bar for
18  plaintiff's re-filing because of a statute of
19  limitations.  *Mann v. American Airlines* 324 F.3d 1088,
20  1090 (9th Cir. 2003), *De Tie v. Orange Ct.* 152 F.3d.
21  1109, 1111 n. 5 (9th Cir. 1998)

22       While one federal court did grant a dismissal of
23  a plaintiff's complaint for failure to serve the
24  defendant as required by F.R.Civ.P. Rule 4(m),  in
25  that case, as of the hearing on the motion to dismiss,
26  plaintiff had failed to properly serve defendant at
27  all. *Stanley v. Goodwin*, 475 F. Supp 2d. 1026, 1035
28  (D. Hawaii, 2006).  Defendant's motion to dismiss was

4

1  granted, without prejudice.

2    The one-day delay was a result of counsel's
3  error, not through any negligence.  Counsel asks the
4  Court to relieve Counsel from her error, pursuant to
5  F.R.Civ. P. 60(b) and to grant a one-day extension of
6  the time to serve Defendant in this matter.  In this
7  matter, the granting of Defendant's motion would
8  result in a complete bar of Plaintiff's federal causes
9  of action regarding his IDEA complaint/reversal.

10    **SHOULD THE COURT GRANT THE MOTION TO DISMISS,**
     **PLAINTIFF'S CLAIMS WILL BE BARRED UNDER THE**
11    **APPLICABLE STATUTE OF LIMITATIONS**

12    Under California Education Code, Plaintiff had 90
13  days from his receipt of the hearing decision, which
14  was mailed to Plaintiff, to file any court appeal of
15  that decision. C.E.C. § 56505(k)   Plaintiff timely
16  filed his complaint to reverse (appeal) the underlying
17  administrative due process decision.

18    However, should the Court dismiss this complaint,
19  Plaintiff will be unable to re-file his complaint,
20  based upon the statute of limitations for such filing.
21  Plaintiff will be unduly prejudiced and will be unable
22  to have his complaint heard in the Court.  Defendant,
23  however, has suffered no prejudice because of a one-
24  day-late service of the summons and complaint.

25                    **CLOSING**

26    Defendant has mis-calculated the time period for
27  the service of the summons and complaint in this
28  matter, which were filed on October 26, 2009, not on

October 22, 2009.

While Plaintiff has failed to comply with F.R.Civ.P. 4(m), he has done so by one day, and one day only, resulting in no significant delay of the federal proceedings and in no significant prejudice to Defendant.  The result was one caused by Plaintiff's counsel's mis-calculation of the calendar, as she waited for the full copy of the timely requested due process hearing transcripts.

Plaintiff asks that the Court deny the Motion to Dismiss, as far as the First Cause of Action, so that Plaintiff's complaint/appeal of the underlying due process administrative hearing is not time-barred by the statute of limitations.

Dated: April 12, 2010

By: _____/s/_____
    TANIA L. WHITELEATHER
    Attorney for Plaintiff