O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1978 ODW (PJWx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | *J.L. v. Moreno Valley Unified School District* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**   Order GRANTING IN PART Defendant's Motion to Dismiss [6]

  Currently before the Court is Defendant Moreno Valley Unified School District's ("Defendant") March 16, 2010 Motion to Dismiss Plaintiff J.L.'s ("Plaintiff") December 26, 2009 Complaint alleging claims for (1) Reversal of the Office of Administrative Hearings Decision in Plaintiff's Office of Administrative Hearings Case and (2) Denial of Civil Rights Under section 504 of the Rehabilitation Act.  (Dkt. # 6.)   Having considered the arguments made in support of and in opposition to the instant motions, the Court deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the April 26, 2010 hearing on this matter is hereby VACATED, and no appearances are necessary.  For the following reasons, the Court GRANTS IN PART Defendant's Motion to Dismiss.

  First, Defendant moves to dismiss Plaintiff's entire complaint on Federal Rule of Civil Procedure 12(b)(5) grounds, contending that it was not served with the Complaint within the 120 days required by Rule 4(m).  (Motion to Dismiss "MTD" at 5.)  According to FRCP 6(b)(1)(B) however, "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."  Excusable neglect for the purposes of FRCP 6(b)(1)(B) may be determined by considering "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). While the parties are at odds as to just how late Plaintiff's service of the Complaint was (*See* Opposition to MTD "Opp'n" at 3, wherein Plaintiff contends that service exceeded the 120 day limit by one day; MTD at 5, wherein Defendant asserts that service was effectuated 125 days after the Complaint was filed), the Court finds it unnecessary to determine which scenario

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1978 ODW (PJWx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | *J.L. v. Moreno Valley Unified School District* | | |

prevails.  In any event, Plaintiff's late service of the Complaint constitutes excusable neglect, as Defendant has not been prejudiced by the late service, and the minimal delay (be it one day or five) was caused by Plaintiff's good faith effort to obtain and review the administrative hearing transcripts and amend the pleadings accordingly within the applicable limitations period.  Defendant's Motion to Dismiss the entire Complaint on 12(b)(5) grounds is therefore DENIED.[1]

      Additionally, however, Defendant moves to dismiss Plaintiff's second claim for Denial of Civil Rights Under section 504 of the Rehabilitation Act on Rule 12(b)(6) grounds, contending that Plaintiff fails to state a claim upon which relief maybe granted.  (MTD at 4.)  Plaintiff failed to in any way address or oppose Defendant's Motion to Dismiss this claim on these grounds.  Accordingly, and for those reasons stated in Defendant's Motion, Defendant's Motion to Dismiss Plaintiff's second claim  for Denial of Civil Rights Under section 504 of the Rehabilitation Act is hereby GRANTED.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam).

IT IS SO ORDERED.

                                                                                        : 00

                                  Initials of Preparer    RGN

---

[1] The Court does note, however, that Plaintiff's Opposition to Defendant's Motion to Dismiss was also not timely filed.  *See* L.R. 7-9.  The Court will, nevertheless, where appropriate, consider the merits of Plaintiff's arguments.